NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
DONNA R. ZIER AND JOHN R. ZIER,     :
                                    :
            Plaintiffs,             :    Civil Action No. 09-5479 (JAP)
    v.                              :
                                    :
SERGEANT GINA BRACONI AND           :    **OPINION**
LIEUTENANT KEITH BUCKLEY,           :
                                    :
            Defendants.             :
_____ :

PISANO, District Judge.

Presently before the Court are separate motions for summary judgment filed by Defendant Sergeant Gina Braconi and Defendant Lieutenant Keith Buckley. Oral argument on the motions was held on January 18, 2012. For the reasons that follow, the Court grants Defendants' motions as to the federal causes of action contained in Counts One, Two and Three of Plaintiffs' Complaint, and declines to exercise supplemental jurisdiction over the remaining state law claims.

**I.    BACKGROUND**

Plaintiff Donna Zier ("Plaintiff") was employed as a records clerk with the North Brunswick Police Department. Zier Dep. 13:8-10. On April 16, 2008, Plaintiff had a discussion with Defendant Lieutenant Keith Buckley ("Buckley") in the records room about a pending disciplinary action against her. *Id.* 4:11-5:7. During the course of the conversation, Plaintiff was holding a metal letter opener in her hand with a blade between four and nine inches in length. *Id.* 50:7-51:13. Buckley made a comment to Plaintiff that seeing a woman with anything in her

hands made him nervous, and the two joked throughout the conversation.  *Id.* 47:15-22; Compl. ¶¶ 8-9.

Defendant Sergeant Gina Braconi ("Braconi") then entered the room.  She observed that Plaintiff was pointing the letter opener in Buckley's direction in a "potentially dangerous manner," and therefore took action to remove the opener from Plaintiff's hand.[1]  Braconi Dep. 35:25-36:18; Buckley Dep. 25:16-20.  Specifically, she grabbed Plaintiff's wrist, pushing her thumb into the palm of her hand, and twisted her arm around her back in an upward position until the opener was removed.  Zier Dep. 24:18-25:3.  Plaintiff asserts that Braconi held her wrist arm for thirty seconds before releasing her, Zier Dep. 4:2-13, while Braconi and Buckley both testified that Braconi's contact with Plaintiff lasted only two to three seconds.  Braconi Dep. 24:13-19; Buckley Dep., 45:8-11.  Plaintiff admits, however, that Braconi let go of her within "mere seconds" after she released the letter opener from her hand.  Zier Dep. 48:14-19.

Plaintiff described her relationship with Braconi as "very cordial, very friendly" prior to the incident, and testified that she thought Braconi was joking when she removed the letter opener.  Zier Dep. 19:6-10; 127:17-19.  Buckley and Braconi both stated that Plaintiff laughed during and after the opener was removed, Buckley Dep. 67:20-23; Braconi Dep. 35:14-19, and Buckley characterized the entire incident as "horseplay" in the workplace.  Buckley Dep. 80:16-18.  The only other witness to the incident, Dianne Zahirnyj, also testified that she thought Braconi and Plaintiff were "fooling around."  Zahirnyj Dep. 13:6-12.  She further stated that she asked Braconi to let go of Plaintiff so that she could get back to work, and that Braconi did so after approximately two seconds.  *Id.*  Buckley did not tell Braconi to let go of Plaintiff while she

---

[1] Braconi testified that she removed the opener after Plaintiff turned it in her direction and held it near her chest. Braconi Dep. 36:3-18.

was removing the letter opener, and did not believe that Plaintiff posed a threat. Buckley 25:5-11, 70:19-24.

Plaintiff asserts that she suffered numerous injuries as a result of the incident on April 18. Specifically, she claims injuries to her fingers, neck, arm and shoulder, and avows that she complained about her pain at the time of the incident. Zier Dep. 22:23-25:25, 47:24-25; Compl. ¶ 12. In a report dated May 30, 2010, Dr. Martin Riss opined that Plaintiff's injuries were consistent with her report of a twisting injury from a hold applied by Braconi. Dkt. Entry 31-11, Ex. K, at 8. Plaintiff applied for and received the full amount of her wages through workers' compensation. Zier Dep. 120:21-25.

On October 26, 2009, Plaintiff filed an eight-count complaint with this Court. Counts One through Three are brought pursuant to 42 U.S.C. § 1983, and include a claim of excessive force against Braconi and claims of supervisory liability and failure to intervene against Buckley. Counts Four though Eight are all state law claims, and include causes of action for assault and battery, intentional infliction of emotional distress, loss of consortium, violation of the New Jersey Civil Rights Act, and negligence. On June 23 and June 24, 2011, Buckley and Braconi filed the instant motions for summary judgment.

## II.    STANDARD OF REVIEW

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986*)*. In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997). The Court is not to "weigh the evidence and determine the truth of the matter," but instead need only determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249.

The moving party bears the initial burden of demonstrating the absence of a genuine issue, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once that showing has been made, the burden then shifts to the non-moving party to identify, by affidavits or otherwise, specific facts showing the existence of a genuine issue for trial. *Id.* at 324. The non-moving party may not rest upon the mere allegations or denials of its pleadings, *id.*, and must offer admissible evidence establishing a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 586.

## III.   DISCUSSION

### A.   Claims Under 42 U.S.C. § 1983

Counts One through Three of Plaintiff's Complaint are brought pursuant to 42 U.S.C. § 1983. In Count One, Plaintiff asserts that Braconi's actions in removing the letter opener constituted excessive force. Counts Two and Three are asserted against Buckley and are based on theories of supervisory liability and failure to intervene. Both Braconi and Buckley argue that their actions do not rise to the level of a constitutional violation, and assert that they are entitled to qualified immunity from Plaintiff's claims.[2]

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[2] Because Defendants Braconi and Buckley claim qualified immunity from Plaintiff's claims, the Court views the factual allegations in the light most favorable to Plaintiff. *See Wright v. City of Philadelphia*, 409 F.3d 595, 597 (3d Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(internal citations omitted). To determine whether a defendant is entitled to qualified immunity requires a two-step inquiry: (1) whether the defendant's conduct violated the plaintiff's statutory or constitutional rights; and (2) whether the right or rights in question were clearly established at the time of the violation. *Schneyder v. Smith*, 653 F.3d 313, 318 (3d Cir. 2011).

When a claim is brought under § 1983, the Court's initial responsibility is to "identify the exact contours of the underlying right said to have been violated," and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (internal citations omitted). Thus, if excessive force is alleged, the Court must identify the "specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989).

In many cases, claims of excessive force will be governed by the Fourth Amendment's "objective reasonableness test." *Id.* at 395-97. Under this test, officers' actions must be analyzed "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Kopec v. Tate,* 361 F.3d 772, 776 (3d Cir. 2004)(quoting *Graham,* 490 U.S. at 397). Factors to consider in making the reasonableness determination include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 776-77 (quoting *Graham,* 490 U.S. at 396). A court may also consider "the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Id.* at 777. "Not every push or shove, even if it may later seem

unnecessary in the peace of a judge's chambers . . . violates the Fourth Amendment." *Graham*, 490 U.S. at 396.

Here, as an initial matter, the Court has difficulty identifying the presence of a constitutional issue or the contours of any constitutional right alleged to have been violated. *See Chainey*, 523 F.3d at 219. In Count One of her Complaint, Plaintiff merely states in a conclusory fashion that Braconi, "under color of state law," deprived her of "her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments." Compl. ¶ 16.[3] However, other than the fact that Braconi was employed as a police officer at the time of the incident, the Court cannot discern any basis for finding state action. Indeed, the entire incident took place at the workplace and involved co-workers. There was no arrest or investigatory stop, and, in light of the circumstances surrounding the incident,[4] Plaintiff's argument that a seizure occurred is tenuous. Thus, it appears to the Court that Plaintiff is attempting to bootstrap her potential state law tort claims into a constitutional violation, and therefore fails to set forth the "deprivation of a constitutional right at all." *Chainey*, 523 F.3d at 219.

Nevertheless, even assuming that the Fourth Amendment[5] is implicated by the facts of this case, no reasonable jury could conclude that Braconi's actions constituted excessive force.

---

[3] Plaintiff provides little clarification in her opposition brief: she identifies the underlying right "as the right to be free from an unprovoked beating"—a statement clearly unsupported by the facts in this case—and later states, without support, that "the specific Constitutional rights implicated by plaintiff's excessive force claims are set forth at length above," and that "plaintiff has clearly set forth a Constitutional claim." Dkt. Entry 31, Pls. Opp. Br. at 9, 12. Moreover, when pressed on the issue at oral argument, Plaintiffs' counsel failed to persuade the Court why this case should be in federal court.

[4] For example, Buckley characterizing the incident as "horseplay" in the workplace, Buckley Dep. 80:16-18, and Plaintiff herself testified that she thought Braconi was joking when she removed the letter opener. Zier Dep. 19:6-10; 127:17-19. Similarly, Buckley and Braconi both stated that Plaintiff laughed during and after the letter opener was removed, Buckley Dep. 67:20-23; Braconi Dep. 35:14-19, and the only other witness to the incident, Dianne Zahirnyj, also testified that she thought Braconi and Plaintiff were just "fooling around." Zahirnyj Dep. 13:6-12.

[5] "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard rather than under a 'substantive due process' approach." *Graham,* 490 U.S. at 395.

Upon entering the records room, Braconi observed Plaintiff holding a metal letter opener and pointing it in the direction of Buckley in a "potentially dangerous manner."[6] Braconi Dep. 36:1-4; Buckley Dep. 25:16-20. Thus, she acted to remove the opener from Plaintiff's hand. Although there is a dispute as to the duration of Braconi's contact with Plaintiff, that dispute is not material: indeed, whether Braconi held her wrist and arm for thirty seconds as Plaintiff claims or two to three seconds as Braconi and Buckley both testified, Plaintiff admits that, within "mere seconds" after she released the letter opener, Braconi released her wrist and arm. Zier Dep. 48:14-19. Therefore, viewed objectively, Braconi's actions did not amount to excessive force.

Moreover, the Court's determination with regard to Plaintiff's excessive force claim is not altered by Buckley's testimony that he did not feel threatened by Plaintiff and that he and Plaintiff were joking when Braconi entered the room. In that regard, "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)(internal citations omitted); *see also Pearson*, 555 U.S. at 231 ("The protection of qualified immunity applies regardless of whether the [officer makes] 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'")(internal citations omitted); *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007); *Orsatti v. New Jersey,* 71 F.3d 480, 483-84 (3d Cir. 1995). Thus, even if Braconi was mistaken as to the circumstances surrounding the incident or the need for her actions, she is entitled to qualified immunity from Plaintiff's claim.

Accordingly, because the Court concludes that there was no excessive force and that the protections of qualified immunity apply, summary judgment is appropriate as to Count One. As

---

[6] Plaintiff admits that her pending suspension was known throughout the Police Department, including by Braconi, on the date of the incident. Zier Dep. 4:21-24. Additionally, Braconi testified that she removed the opener after Plaintiff turned it in her direction and held it near her chest. Braconi Dep. 36:3-18.

a result, Plaintiff's § 1983 claims against Buckley for supervisory liability and failure to intervene also necessarily fail.[7] *See, e.g., Lora-Pena v. Denney*, 760 F. Supp. 2d 458, 468 (D. Del. 2011) ("[B]y definition, if there was no excessive force then there can be no failure to intervene . . . Inasmuch as the court will grant defendants' motion for summary judgment on the issue of excessive force, the failure to intervene/protect necessarily fails.")(quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 767-68 (7th Cir. 2005)); *Davis v. Egbert*, 2010 WL 2326251, at *8 n.10 (D.N.J. June 7, 2010)(because use of force was lawful, failure to intervene claims fail); *Stewart v. Moll*, 717 F. Supp. 2d 545, 463 (E.D. Pa. 2010)(because court found no excessive force, no liability for failure to intervene). Therefore, the Court grants Defendants' motions for summary judgment as to Counts One, Two, and Three of Plaintiffs' Complaint.

  B. <u>Remaining State Law Claims</u>

The remaining causes of action contained in Plaintiff's Complaint arise under state law. Under 28 U.S.C. § 1667(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. Where the claims over which the district court had original jurisdiction are dismissed before trial, "the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an

---

[7] Even if Plaintiff's supervisory liability claim was not foreclosed by the Court's finding of no excessive force, Plaintiff provides no support for her conclusory allegation that Buckley directed Braconi to violate her rights. Compl. ¶ 21. Likewise, as to her "knowledge and acquiescence" assertion, numerous courts including the Third Circuit have questioned whether that standard remains good law after *Iqbal*, and in any event, a mere "failure to act" is insufficient to impose liability. *See, e.g., Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.8 (3d Cir. 2010); *Bayer v. Monroe County Children & Youth Services*, 577 F.3d 186, 191 n.5 (3d Cir. 2009); *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Additionally, Plaintiff's failure to intervene claim is without merit: no constitutional violation was taking place such that intervention was required. Moreover, in light of, *inter alia*, Plaintiff's admission that she and Buckley were joking throughout their conversation, Buckley's testimony that Plaintiff laughed during and after the incident, and the short duration and limited contact by Braconi, Buckley's inaction was hardly unjustified. *See Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002).

affirmative justification for doing so." *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court concludes that no affirmative justification is present for retaining jurisdiction over Plaintiff's state law claims. Because the Court is granting Defendants' motions for summary judgment as to the federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## IV.     CONCLUSION

For the reasons above, Defendants' motions for summary judgment are granted. An appropriate Order will follow.

                                        /s/ JOEL A. PISANO
                                        United States District Judge

Dated: January 27, 2012